**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4010**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEMOIA OMAR DAVIS, a/k/a Moe,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00363-RJC-2)

Submitted: September 18, 2009        Decided: October 9, 2009

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Mark Andrew Jones, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demoia Omar Davis appeals his 142-month sentence upon conviction of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846 (2006); two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006); possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9) (2006). Davis's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but arguing that trial counsel was ineffective in failing to object to the probation officer's purported use of the 2006 edition of the guidelines manual in calculating Davis's offense level. Davis filed a pro se supplemental brief, contending that trial counsel was ineffective not only in failing to object to the probation officer's errors in calculating Davis's offense level but also in failing to challenge the 100:1 sentencing disparity between crack cocaine and powder cocaine. We affirm.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily

2

bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule exists when the appellate record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

In order to succeed on a claim of ineffective assistance, defendant must show that: (1) counsel's performance fell below "prevailing professional norms;" and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Generally, to satisfy the second prong of Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a conviction following a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted). Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice. Strickland, 466 U.S. at 697.

Here, the record does not conclusively demonstrate that counsel was ineffective in failing to object to the calculation of the offense level. Rather, the record shows that the probation officer actually did use the 2007 guidelines in effect at the time of sentencing to accurately calculate Davis's offense level. Despite the notation in the Presentence Report ("PSR") that the probation officer applied the 2006 version of the guidelines, the calculated marijuana equivalency of 114.809 kilograms comports with a calculation performed using the 2007 guidelines. Davis was found to be responsible for 7.12 grams of cocaine base, 4.41 grams of cocaine, and seven grams of marijuana. Under the 2006 guidelines drug equivalency table, 4.41 grams of cocaine had a marijuana equivalency of 882 grams of marijuana and 7.12 grams of cocaine base had a marijuana equivalency of 142.4 kilograms of marijuana. U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1, cmt. n.10 (2006) (drug equivalency tables). When combined with the seven grams of marijuana, these numbers yield a total marijuana equivalency of 143.289 kilograms of marijuana.

By comparison, under the 2007 guidelines drug equivalency table in effect at the time of Davis's sentencing, the 4.41 grams of cocaine would again have a marijuana equivalency of 882 grams of marijuana, but the 7.12 grams of cocaine base would have a marijuana equivalency of 113.92

kilograms of marijuana.[1]  When combined with the seven grams of marijuana, these figures yielded 114.809 kilograms of marijuana. As this was the figure used by the probation officer in the PSR, it is evident that the 2007 guidelines were used to calculate Davis's offense levels, despite the PSR's narrative to the contrary.  Because there was no error committed by the probation officer, Davis's trial counsel did not err in failing to object to the offense level calculation.[2]

We have reviewed Davis's pro se claims of ineffective counsel and find them meritless.  We have examined the entire record in accordance with the requirements of Anders and have

---

[1]  Because Davis's offense involved cocaine base, USSG § 2D1.1, cmt. n.10(D)(i) (2007) requires the probation officer first to determine the base offense level for the quantity of cocaine base involved in the offense:  7.12 grams of cocaine base yields a base offense level of twenty-four.  USSG § 2D1.1(c)(8) (2007).  Next the probation officer calculates the marijuana equivalency of the quantity of cocaine base using the equivalency table found in USSG § 2D1.1, cmt. n.10(D)(i)(II) (2007).  With a base offense level of twenty-four, each gram of cocaine base is equivalent to sixteen kilograms of marijuana. Therefore, by multiplying 7.12 grams of cocaine base by 16 kilograms, the probation officer correctly arrived at a marijuana equivalency of 113.92 kilograms of marijuana.

[2] The application notes to USSG § 2D1.1 (2007) were amended on May 1, 2008.  Amendment 715 significantly revised the method for determining the applicable offense level for cases involving both crack cocaine and another controlled substance.  While application of Amendment 715 may affect Davis's sentence, this is an issue to be raised initially in the district court pursuant to 18 U.S.C. § 3582(c)(2) (2006).  See United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008).

found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>